United States District Court
Southern District of Texas
**ENTERED**
January 17, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| TOPSOE, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00033 |
| | § | |
| CASALE US, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The parties[1] have submitted a lengthy joint letter addressing a myriad of discovery disputes. *See* Dkt. 115 (sealed); Dkt. 125 (redacted). I will address those disputes in the same order the parties raise them in their joint letter. Before I do that, however, let us review the permissible scope of discovery.

## OVERVIEW OF PERMISSIBLE DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) governs the permissible scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." FED. R. EVID. 401. Importantly, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *see also Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("Discoverable information is not limited to admissible evidence."). Nonetheless, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d

---

[1] Topsoe, Inc. ("Topsoe") is the plaintiff. Casale US, Inc. ("Casale US") and Casale S.A. are the defendants. I will refer to Casale US and Casale S.A. collectively as "Casale."

258, 264 (5th Cir. 2011) (quotation omitted). Factors to consider in evaluating the proportionality of requested discovery include the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

## TOPSOE'S DISCOVERY REQUESTS

**A.** **CASALE'S AWARENESS OF RELEVANT PRIOR ART, INCLUDING TOPSOE'S LOW CARBON OR "BLUE" AMMONIA TECHNOLOGY (INTERROGATORY 4 TO CASALE S.A. AND REQUESTS FOR PRODUCTION 17–19)**

Topsoe first complains about Casale's responses to certain discovery requests aimed at discovering Casale's awareness of prior art technology. Topsoe maintains that "Casale's awareness of prior art technology, including Topsoe's low carbon or 'blue' ammonia process, is one of the most essential issues in this case." Dkt. 125 at 6.

### 1. *Interrogatory 4*

Interrogatory 4 to Casale S.A. states:

> Describe Casale's awareness of Topsoe's blue or low carbon ammonia products or technology, and information relating to those products and technology (including but not limited to publications, presentations or information obtained from third-parties), the individuals at Casale who were aware of this technology or information, and when they first became aware of this technology or information.

*Id.* at 1. In response to this interrogatory, Casale S.A. responded:

> Casale S.A. incorporates by reference its General Objections. Casale S.A. objects to this Interrogatory to the extent it seeks the production of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Casale S.A. also objects to the definition of "Casale," "you," and "your" as overly broad and unduly burdensome because by including both Casale US and Casale S.A. in the same definitions, Topsoe disregards the fact that the Defendants are separate entities.
>
> Subject to, and without waiving its General and Specific Objections, Casale S.A. responds as follows:

Casale S.A. employees learned about Topsoe's blue or low carbon ammonia products or technology at the presentation held by Topsoe engineers at the American Institute of Chemical Engineers' ("AIChE") 66th Annual Safety in Ammonia Plants and Related Facilities Symposium (the "AIChE Symposium"), held from September 12, 2022, to September 15, 2022, at the Hyatt Regency Chicago. The Casale S.A. employees in attendance at this conference were: Federico Zardi, Chief Executive Officer; Sergio Debernardi, Chief Operating Officer; Ermanno Filippi, Chief Technology Officer; Giuseppe Guarino, Chairman of the Board; Michal Bialkowski, R&D Division Head; Andrea Fini, Area Sales Manager for North and South America; Andrea Scotto, Process Division Head; Francesco Baratto, Syngas Process Design - Department Head; and Guglielmo Deodato, Mechanical Engineer.

Casale S.A. reserves the right to supplement this response as discovery remains on-going.

*Id.* at 1–2.

To start, I overrule Casale S.A.'s three objections. First, Casale S.A. attempts to incorporate some general objections to all the discovery requests. As I have stated before, "a party may not provide a laundry list of general or boilerplate objections in response to discovery requests. Asserting these objections is tantamount to making no objection at all. I strike all general objections." *Shintech Inc. v. Olin Corp.*, No. 3:23-cv-00112, 2023 WL 6807006, at *4 (S.D. Tex. Oct. 16, 2023). Second, Casale S.A. objects to this interrogatory "to the extent it seeks the production of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity." Dkt. 125 at 1. I do not understand how this interrogatory possibly invades on any purported privilege, and thus overrule that objection. Finally, Casale S.A. objects to the definition of "Casale," "you," and "your" as overly broad and unduly burdensome. *Id.* I completely disagree and overrule that objection as well.

Topsoe asks me to order Casale S.A. to

address[] (a) the discrepancy between its claimed first awareness and the fact that its document production shows it was aware of Topsoe's blue or low-carbon ammonia products or technology prior to this date and (b) its failure to comment on its access to Topsoe's relevant

technology at the 2009 FAI seminar and during its IFFCO revamp project.

*Id.* at 5. I will not do this. Casale S.A. has responded to this interrogatory. I understand that Topsoe thinks that Casale S.A.'s answer is untruthful, but I am not going to order Casale S.A. to respond to this interrogatory, or any other discovery request, in a particular way. Topsoe is free, if it so desires, to test the veracity of Casale S.A.'s interrogatory answer with additional discovery requests. Or Topsoe can wait until later in the case to offer evidence refuting Casale S.A.'s response.

### 2.   *Requests for Production 17–19*

Request for Production 17 asks for "[a]ll documents and communications referencing or discussing Topsoe's low carbon ammonia technology." *Id.* at 2. Request for Production 18 seeks "[a]ll documents in Casale's possession relating to prior art to the '168 patent." *Id.* at 3. Request for Production 19 requests "[a]ll documents relating to Casale's awareness of Topsoe's blue or low carbon ammonia products or technology, and information relating to those products and technology (including but not limited to publications, presentations, or information obtained from third-parties)." *Id.* at 4.

In response to these requests for production, Casale responds:

> Casale . . . incorporates by reference its General Objections. Casale . . . objects to this Request to the extent it seeks the production of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Casale . . . also objects to the definition of "Casale," "you," and "your" as overly broad and unduly burdensome because it is not time limited and by including both Casale US and Casale S.A. in the same definitions, Topsoe disregards the fact that the Defendants are separate entities. Casale . . . also objects to this Request to the extent disclosure of responsive documents would violate Casale['s] . . . confidentiality obligations to third parties.

*Id.* at 2–5. Casale then states that, "[s]ubject to, and without waiving its General and Specific Objections," Casale either will produce all non-privileged responsive documents or there are no responsive documents. *Id.*

4

As was the case with the objections to Interrogatory 4, I overrule the general objections and the objection to the definition of "Casale" raised in response to Requests for Production 17–19. I also overrule Casale S.A.'s objection that "disclosure of responsive documents would violate Casale['s] . . . confidentiality obligations to third parties." Dkt. 125 at 2–5. Casale cannot avoid the production of responsive documents simply because it is has promised others that it will not reveal certain information. The privilege objection is fine so long as Casale has complied with the requirements of Rule 26(b)(5) and produced a privilege log identifying the alleged privileged documents withheld.

Turning to the specific requests, Casale maintains that "Defendants have produced all responsive non-privileged documents that they have identified" in response to Requests for Production 17–19. *Id.* at 13–14 (quoting Dkt. 90 at 2). In response, Topsoe contends that "it is not credible that the relatively small number of responsive documents Casale has produced are exhaustive." Dkt. 125 at 14. I do not know if all responsive documents have been produced or not, but Casale's counsel certainly understands the importance of producing all responsive documents. All responsive documents, if not already produced, should be produced by January 31, 2025.

One more observation: Topsoe believes that Casale should have produced documents in response to Requests for Production 17–19 relating to Topsoe's 2009 FAI paper and presentation, as well as Topsoe's work on the IFFCO Aonla plant. Casale maintains that such documents are not responsive to these requests. At this juncture, I cannot tell whether the document are or are not responsive to outstanding discovery requests. To avoid any confusion, Topsoe can send specific discovery requests aimed at uncovering documentation related to Topsoe's 2009 FAI paper and presentation, as well as Topsoe's work on the IFFCO Aonla plant. The more specific a discovery request is, the better.

**B.    INFORMATION LEARNED AT EVENTS (INTERROGATORY 10, REQUESTS FOR PRODUCTION 4, 16)**[2]

Topsoe next asks me to order Casale to "search all document repositories for documents responsive to the full scope of [Requests for Production] 4 and 16, and produce all nonprivileged responsive documents." Dkt. 125 at 45. Request for Production 4 seeks "[a]ll documents relating to Casale's attendance at any external event (e.g., meeting symposium, seminar, or conference) where ammonia process technology was discussed." *Id.* at 43. Request for Production 16 asks for "[a]ll documents relating to information about prior blue or low carbon ammonia technology that Casale had access to by its attendance at an event (e.g., meeting, symposium, seminar, or conference) where ammonia process technology was discussed, including documents relating to any Topsoe information learned." *Id.* at 44.

Casale objects to these requests claiming, in part, that they are overly broad, burdensome, and not proportional to the needs of the case. In particular, Casale complains that the use of the phrase "relating to" renders these requests impermissibly broad. I agree. *See Sanchez Ritchie v. Energy*, No. 10cv151, 2015 WL 12914435, at *2 (S.D. Cal. Mar. 30, 2015) ("A document request or interrogatory is also overly broad or unduly burdensome on its face if it: (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information." (quotation omitted)); *Leisure Hosp., Inc. v. Hunt Props., Inc.*, No. 09-cv-272, 2010 WL 3522444, at *3 (N.D. Okla. Sept. 8, 2010) ("Such 'omnibus' phrases as 'relating to,' 'referring to,' or 'concerning' have been held objectionable unless whatever follows that phrase is clearly and narrowly defined." (collecting cases)). As Casale aptly

---

[2] Casale has agreed to amend the responses to Interrogatory 10 as requested by Topsoe. Casale has pledged to serve amended responses by the end of January. Topsoe wants Casale to amend the discovery responses sooner than that. Given the holidays and the normal hectic start everyone has to a new year, I will give Casale until January 31, 2025, to amend the responses to Interrogatory 10.

notes: "[Request for Production 4], as plainly written[,] is incredibly burdensome. It seeks every document reflecting travel plans, every email related to expense reimbursements, and every working document related to any ammonia presentation Casale S.A. has ever given." Dkt. 125 at 51. "RFP 16 is not much better; it seeks the same documents, just related to "blue or low carbon ammonia." *Id*. As a compromise, Casale agreed to produce all publications its employees received from such conferences, which Casale keeps in an internal electronic repository. This limitation is reasonable.

To be clear, Topsoe is certainly entitled to conduct additional discovery aimed at uncovering documentation that is relevant and proportional to the needs of this case. For example, Topsoe indicates that it wants to obtain "emails discussing attendance . . . at conferences where [blue or low carbon] ammonia processing was discussed." *Id*. at 48. That request is reasonable. But that request has not been made.

## C.  ROLE OF CASALE EMPLOYEES INVOLVED IN THE IFFCO PLANT (INTERROGATORY 8 TO CASALE S.A.)

Interrogatory 8 to Casale S.A. states as follows:

> Describe the role of each individual currently or formerly employed by or who consulted for Casale who was involved in any way in Casale's work at the Indian Farmers Fertilizer Cooperative Ltd. (IFFCO) fertilizer plant in Aonla, India or who received information about that work, including by providing each person's title and whether they are a current or former employee or consultant, a description of their involvement with the IFFCO fertilizer plant in Aonla, India, and current and/or last known address and phone number.

*Id*. at 53. In response, Casale S.A. first states a laundry list of objections, most of which mirror objections raised in response to other discovery requests. For the same reasons identified above, those objections are overruled. Casale S.A. also objects to providing information in response to Interrogatory 8 on individuals who contributed less than five man-hours to the IFFCO revamp project. I also overrule that objection.

As far as substance is concerned, Casale S.A. provides a chart in response to Interrogatory 8, which identifies employees' titles, as well as their departmental work (that is, their roles) on the project. *See id.* at 54–57. Casale S.A. also specifically states: "Ermanno Filippi, Francesco Baratto, and Raffaele Ostuni were not involved in the execution of the IFFCO revamp project. Given their positions at Casale S.A., these individuals were aware of the existence of the IFFCO revamp project, but they did not participate in the implementation of the IFFCO revamp project." *Id.* at 57. Topsoe complains that these three gentlemen were heavily involved in the IFFCO project, and Casale S.A. should have provided more information concerning the role these three individuals played in the IFFCO project. I disagree. Casale S.A. has responded to this interrogatory as requested. Topsoe does not like the response to the interrogatory, but as I already explained, I am not telling Casale S.A. how it must answer a particular interrogatory. As Casale S.A. correctly observes:

> During the course of discovery, Topsoe will be free to notice the depositions of Messrs. Filippi, Baratto, and Ostuni and ask them about their involvement in the IFFCO Aonla plant revamp project and whether Topsoe's response to Interrogatory 8 is accurate. There is no basis to compel more.

*Id.* at 62–63.

**D.    COMMERCIALIZATION, WORK, BIDDING, AND LICENSING OF CASALE'S BLUE AMMONIA TECHNOLOGY AND CASALE US'S INVOLVEMENT IN SAME (INTERROGATORY 11, JURISDICTIONAL INTERROGATORY 12).**

### 1.    *Interrogatory 11*

In Interrogatory 11, Topsoe asks Casale US to "[d]escribe in detail Casale's proposed, planned, or actual commercial implementations for an ammonia process that falls within the claimed scope of the '168 patent as issued on March 29, 2022." *Id.* at 63. Casale US has refused to answer this interrogatory at all. Casale US objects for a myriad of reasons, most of which have already been addressed—and overruled—in connection with other discovery responses. Those same rulings apply here. Casale US also insists that this interrogatory, in

particular, is "overly broad and unduly burdensome because it seeks information irrelevant to the claims and defenses at issue in this lawsuit." *Id.* at 63. Specifically, Casale US claims that

> proposed, planned, or actual commercial implementations for an ammonia process covered by the claims of the '168 patent are not relevant to Topsoe's allegations of inequitable conduct during the prosecution of the '168 patent, nor are they relevant to Topsoe's allegations related to communications with Topsoe's and alleged other parties related to the '168 patent.

*Id.*

In seeking to compel a response to Interrogatory 11, Topsoe contends that information about proposed, planned, or actual projects "relate to damages and to injunctive relief for all claims." *Id.* at 71. Topsoe also notes that Casale S.A. has answered the same interrogatory in discovery, thus questioning why Casale US should not have to also respond to this interrogatory. Fair points. Casale US's response is less than convincing. Casale US argues that "[a]ll of the information Topsoe has requested can come from Casale S.A.'s forthcoming supplemental response, which will be more fulsome than anything Casale US could provide as a non-licensor of the patent." *Id.* at 75. That might be true, but it does not excuse Casale US from responding to a narrowly tailored discovery request aimed at obtaining information "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Casale US's objections to Interrogatory 11 are overruled. Casale US is ordered to respond to Interrogatory 11 by January 31, 2025.

### 2.   *Jurisdictional Interrogatory 12*

Jurisdictional Interrogatory 12 asks Casale to "[d]escribe all Casale SA's bids, quotes, projects, work, contracts, or business within Texas, or elsewhere in the United States, over the last five years, and the extent to which Casale US assisted in such activities or acted on Casale SA's behalf." Dkt. 125 at 64. Casale objects to this request for a variety of reasons, but provides a chart that lists projects—by Casale S.A.'s project number, location, and start date—for "which Casale S.A. has provided bids, quotes, projects, work, contracts, or other business

with Texas, or elsewhere in the United States, from March 29, 2022, to present." *Id.* at 65, 68.

To ensure all jurisdictional discovery issues were resolved before Topsoe's response to Casale S.A.'s Motion to Dismiss Amended Complaint was due, I required the parties to submit a joint letter to the Court "outlining any outstanding jurisdictional discovery issues" by September 16, 2024. Dkt. 43. The fact that Topsoe now, more than three months after that deadline passed, seeks to compel a response to a jurisdictional interrogatory is highly problematic. Deadlines exist for a reason. They should be followed. For this reason alone, I will not compel Casale to further respond to Jurisdictional Interrogatory 12.

Even if I were willing to address the merits of Topsoe's argument, I do not see how requiring Casale to provide detailed information about projects across the country that have nothing to do with the particular technology at issue is relevant to the merits of this case. Casale contends that "Casale S.A. has already clarified which four projects could involve the technology in the '168 patent and produced the relevant documents related to those projects." Dkt. 125 at 76.

As I have stated before, Topsoe is free to issue additional discovery requests aimed at discovering information relevant to the issues involved in this lawsuit. If Topsoe can craft a discovery request that seeks relevant information and is proportional to the needs of this case, that request should be answered.

**E.    NOTES OF CASALE S.A.'S RULE 30(b)(6) DESIGNEE**

At his deposition, Casale S.A.'s 30(b)(6) witness, Chief Financial Officer Guido Matronola, referenced three pages of notes that he had taken. Matronola reviewed one of those pages at his deposition to refresh his recollection. Casale S.A. has produced that page but logged the other two pages of notes on its privilege log as protected by the attorney-client and work product privileges. Topsoe moves to compel Casale S.A. to produce those two pages of notes.

It is unclear from the record exactly why the notes were created. Matronola testified at his deposition that "I have some notes taken by myself about the

summary of the document that I have been revising." Dkt. 125-22 at 15. When asked directly whether the notes reflect conversations he had with his co-workers to prepare for his deposition testimony, Matronola first responded: "No. I took some notes about my revision of the document just to point out to something that again, I thought was useful for this deposition." *Id.* Seconds later, Topsoe's counsel asked again whether Matronola took notes of the conversations he had with his co-workers. This time around, Matronola answered: "Yes. About not the content of the conversation, but the main events, I mean, for example, the fact that [a co-worker] was contacted by [a third-party]." *Id.* These quoted passages represent the entirety of the evidentiary record concerning the notes.

"When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege." *Coughlin*, 946 F.2d at 1159. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It shields from disclosure confidential communications between an attorney and client. *See id.* Meanwhile, the work product privilege, which is codified in the Federal Rules of Civil Procedure, provides that "a party may not [ordinarily] discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A).

Casale, as the party asserting the attorney-client and work product privileges, has the burden of demonstrating their applicability. *See Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of demonstrating the applicability of the privilege rests on the party who invokes it."). As one court has noted:

> A general allegation of privilege is insufficient to meet this burden. Instead, a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection. The proponent must provide sufficient facts by way of detailed affidavits

> or other evidence to enable the court to determine whether the privilege exists. Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the privilege still must provide a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure. In fact, resort to an *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible.

*Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473–74 (N.D. Tex. 2004) (cleaned up).

Here, Casale falls woefully short of meeting its burden. Instead of offering competent evidence in support of each of the essential elements necessary to support a claim of the attorney-client or work product privileges, Casale makes sweeping, unsupported statements. *See* Dkt. 125 at 84 ("On his own initiative, Mr. Matronola took notes about conversations he had with his colleagues concerning specific details relevant to this case, including circumstances not responsive to any of Topsoe's 30(b)(6) topics for which Casale S.A. designated Mr. Matronola."); *id.* at 87 ("[T]he notes do contain information from discussions with counsel, made in anticipation of litigation, while seeking legal advice, and related to this lawsuit post-filing of the Complaint."). This will not do. Simply asserting that the notes are privileged and protected from disclosure is wholly insufficient to meet Casale's burden to support a claim of privilege. *See In re Boeing Co.*, No. 21-40190, 2021 WL 3233504, at *2 (5th Cir. July 29, 2021) ("[B]are conclusory statements offered by" the party asserting a privilege are insufficient.); *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 841 F. Supp. 2d 142, 153 (D.D.C. 2012) (A proponent of a privilege claim "must offer more than just conclusory statements, generalized assertions, and unsworn averments of its counsel.").

Although Casale has failed to adduce sufficient evidence to establish its claim of privilege, I ordered Casale to produce the notes for *in camera* review. I did this out of an abundance of caution, thinking that inspecting the notes myself might shed some light on the privilege issue. Alas, nothing on the face of the notes

indicates that they are privileged. Because Casale failed to offer any competent evidence necessary to support a claim of privilege, the notes must be produced.

## F.    LIMITATION TO '168 PATENT (GLOBAL)

Finally, Topsoe requests that Casale "supplement its interrogatory responses and document production to provide the requested information and documents relating to the '168 patent *family*, as opposed to just the '168 patent." Dkt. 125 at 88. I will deny this request, but not for the reasons that Casale raises.

Casale argues that because Topsoe cannot show the '168 patent's foreign counterparts are invalid in this lawsuit, "Topsoe can have no unfair competition claims related to its assertion," meaning that any documents concerning the '168 patent's foreign counterparts are irrelevant. *Id.* at 92. Whether that is true or not, "threats of foreign patent litigation are sufficient to create a reasonable apprehension of a suit for an infringement of a similar U.S. patent," which is required for a justiciable declaratory patent claim. *CyberOptics Corp. v. Yamaha Motor Co.*, No. 3-95-1174, 1996 WL 673161, at *14 (D. Minn. July 29, 1996). Thus, Casale's arguments about the validity of Topsoe's Lanham Act claim and the enforceability of the '168 patent's foreign counterparts do not suffice to show that information and documents relating to the '168 patent family are irrelevant.

Casale also argues that "Topsoe's concerns related to Casale S.A. 'overlooking' relevant documents by limiting its search to documents related to the '168 Patent are unfounded" because, in making this argument, "Topsoe relies on a document that Casale S.A. produced that only references the '067 Patent, and not the '168 Patent," meaning Casale "has produced what Topsoe seeks." Dkt. 125 at 93 & n.12. This argument is somewhat persuasive, but given Casale's flat-out refusal to search for information and documents relating to the '168 patent family, it is anecdotal at best.

I will deny Topsoe's request because, on its face, it is too broad. As I have already mentioned in this opinion, the use of the term "relating to" makes a request objectionable on its face as overly broad when used to describe a general category

13

or group of documents. Moreover, Topsoe references "the '168 patent family," but then goes on to discuss solely "the '067 European counterpart patent that Casale explicitly referenced in its letter." *Id.* at 88. I will not order discovery relating to a family of patents when "relating to" on its own is already overbroad, and it is not clear what documents would fall within "the family."

**CASALE'S COMPLAINTS**

**A.    TOPSOE'S PRIVILEGE LOG**

Casale's first complaint is that Topsoe has not provided sufficient information to describe documents listed on its December 6, 2024 privilege log. Casale asks Topsoe to identify:

> (a) which individuals listed on its privilege log are attorneys providing legal advice, including attorneys providing legal advice for third parties; (b) the underlying basis for the privilege it is claiming covers its communications with the third parties listed on its privilege log; (c) the nature and scope of the common interest between Plaintiff and these third parties; and (d) the date(s) Plaintiff entered into a joint defense agreement with each third party.

*Id.* at 94–95. More to the point, Casale demands that such information be provided within five days of this Order.

Topsoe does not oppose providing the information requested by Casale. Given the holidays, Topsoe just asks for more than five days from the date of this Order to provide such information. I find it quite ironic that when the parties seek information (Topsoe seeking an amended answer to Interrogatory 10; Casale seeking additional information for the privilege log), they are adamant that such information must be turned over immediately. But when the shoe is on the other foot (Casale amending its answer to Interrogatory 10; Topsoe providing additional information for its privilege log), the parties ask for additional time to comply with their discovery obligations. What is good for the goose is good for the gander. I gave Casale until the end of January 2025 to amend its answer to Interrogatory 10. I will give Topsoe until January 31, 2025, to provide the additional information related to its privilege log.

**B.**    **CASALE S.A.'S REQUEST FOR PRODUCTION 5**

Casale S.A.'s Request for Production 5 requests "[a]ll Documents and things that refer or relate to Communications, whether to or from suppliers or customers or any other person, that relate to blue ammonia technology." *Id.* at 99. Topsoe objects on a number of grounds, including that the request is "overbroad and disproportionate to the needs of this case, as it seeks information not relevant to the claims in this case." *Id.*

This request is, on its face, vastly overbroad and not proportional to the needs of this case. In the joint discovery letter, Topsoe does an excellent job of laying out exactly why this request is all-encompassing and unduly burdensome. I will not repeat all those arguments here. Suffice it to say that this request would, as worded, require the production of "every communication Topsoe has ever had with any third party—specifically including customers and suppliers—concerning blue ammonia technology in any way." *Id.* at 103. Topsoe's overbroad and disproportionate objection is sustained.

Casale S.A. asserts that it is "entitled to explore what evidence confirms or refutes" Topsoe's contention "that it invented the subject technology first." *Id.* at 101. Maybe so. But Request for Production 5 is not a narrowly tailored request aimed at discovering such information. Casale S.A. is certainly entitled to serve a targeted request to obtain such information, but it must be proportional to the needs of the case.

**C.**    **CASALE S.A.'S REQUEST FOR PRODUCTION 13**

Casale S.A.'s Request for Production 13 asks for "[a]ll Documents and Communications that refer or relate to licenses or prospective licenses executed or negotiated (even if not consummated) or considered relating to any blue ammonia technology created, installed, repaired, or improved by Topsoe." *Id.* at 109. Casale S.A. argues that responsive documents "are relevant to establishing the market for blue ammonia in relation to Topsoe's unfair competition claims," "relate to

Topsoe's damages," and "show when and how Topsoe was marketing its technology." *Id.* at 110, 111.

Topsoe concedes that the blue ammonia licenses in place are relevant, and it has apparently already produced such licenses dating back to 2021. Topsoe indicates that it will "conduct a reasonable search for any additional blue ammonia licenses prior to 2021." *Id.* at 112. Topsoe's complaint with Request for Production 13 is that it is incredibly broad and burdensome. I concur. This request "does not just require identification of offers to license (which would itself be prohibitive), but of all documents 'that refer or relate to . . . prospective licenses executed or negotiated (even if not consummated) or considered.'" *Id.* at 113. I will state it again: the use of the term "relating to" makes a request objectionable on its face as overly broad when used to describe a general category or group of documents. Topsoe's overbroad and disproportionate objection is sustained.

## D.    CASALE S.A.'S REQUEST FOR PRODUCTION 14

Request for Production 14 requests "[a]ll Documents and Communications that refer or relate to proposals and presentations made by Topsoe to third parties related to blue ammonia technology." *Id.* at 116. Casale S.A. objects to this request for several reasons, including that it is "overbroad and unduly burdensome, as it requests information that is not relevant and is disproportionate to the needs of this case." *Id.*

This request is similar to Request for Production 13, but, as Topsoe points out, "it is even broader because it demands all documents that refer or relate to presentations as well, seeking all documents 'that refer or relate to proposals and presentations made by Topsoe to third parties related to blue ammonia technology.'" *Id.* at 118. For the same reasons I have sustained the overbroad objections to Requests for Production 5 and 13, I sustain the same objection to Request for Production 14.

E.    **CASALE S.A.'S REQUEST FOR PRODUCTION 15**

Request for Production 15 asks for "[a]ll Documents supporting, refuting, or otherwise concerning Topsoe's allegations in Paragraph 5 of the Complaint that "in 2019 Casale filed for a U.S. patent application claiming to have 'invented' features of a low carbon ammonia process that had been used in Topsoe's own process for decades." *Id.* at 119.

Topsoe objects to this request for the following reasons:

> Topsoe incorporates by reference its general objections. Topsoe objects to this Request to the extent it seeks the production of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, including the joint defense privilege. Topsoe objects to this Request's reference to documents "supporting, refuting, or otherwise concerning" its allegation as vague, ambiguous and unduly burdensome in the context of this request. Topsoe objects to this Request as overbroad to the extent it calls for documents relating to Casale's alleged invention and the filing of its associated patent claims, as this information is in Casale's possession and/or is more accessible to Casale.

*Id.*

By now, it should come as no surprise that I overrule the general objections raised by Topsoe as wholly improper. Next, I sustain the vague, ambiguous, and unduly burdensome objections with respect to the term "otherwise concerning." That phrase is, for all practical purposes, meaningless. It offers no guidance to the answering party on what documents to search for and produce. *See Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197–98 (D. Kan. 1996) (stating that omnibus "phrases often require the answering party to engage in mental gymnastics to determine what information may or may not be remotely responsive"). As explained above, the privilege objection is fine so long as Topsoe has complied with the requirements of Rule 26(b)(5) and produced a privilege log identifying the alleged privileged documents withheld.

I do, however, think this request is appropriate to the extent it seeks documents supporting or refuting Topsoe's allegations in Paragraph 5 of the

Complaint that "in 2019 Casale filed for a U.S. patent application claiming to have 'invented' features of a low carbon ammonia process that had been used in Topsoe's own process for decades." Dkt. 125 at 119.

* * *

I thank the parties for their hard work over the holidays preparing the detailed submission outlining the current discovery disputes. I look forward to assisting the parties in the event any future discovery disputes arise.

SIGNED this 17th day of January 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE