United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| TOPSOE, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00033 |
| | § | |
| CASALE US, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Counter-Defendants Topsoe, Inc. and Topsoe A/S (collectively, "Topsoe") move to dismiss Defendant Casale S.A.'s counterclaims for direct and indirect infringement of Casale SA's U.S. Patent No. 11,286,168 (the '168 Patent). *See* Dkt. 195. Having considered the briefing, the record, the applicable law, and the arguments of counsel, I recommend that the motion to dismiss be denied.

## BACKGROUND

The court is familiar with the facts of this case. *See* Dkt. 155 at 1–6. The parties are competitors who own low-carbon ammonia processes, which are used to reduce greenhouse gases emitted during the process of creating ammonia. Topsoe, Inc. instituted this lawsuit on January 31, 2024, seeking a declaration that the '168 Patent and all related patents and applications of its family (collectively, the "Disputed Patents") are unenforceable because of Casale SA's alleged fraud in procuring the '168 Patent. Topsoe, Inc. also seeks an injunction against Casale asserting the Disputed Patents any further, and damages for Casale's asserting its allegedly unenforceable patents, false statements, and unfair competitive practices.

On July 16, 2024, nearly six months after Topsoe Inc. filed this lawsuit, the United States Patent Office issued a reexamination certificate with amended claims for the '168 Patent.

On November 25, 2025, Judge Jeffrey V. Brown adopted my memorandum and recommendation that Casale's motion to dismiss Topsoe, Inc.'s claims be denied. On December 9, 2025, Casale filed its answer and counterclaims. In that document, Casale added Topsoe A/S as a third-party defendant and asserts claims of direct and indirect infringement against both Topsoe entities. Topsoe has moved to dismiss under Rule 12(b)(6), arguing that Casale fails to state a claim upon which relief can be granted.

### LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In patent cases, the Federal Circuit "review[s] a district court's dismissal for failure to state a claim under the regional circuit's law." *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1357 (Fed. Cir. 2019). In the Fifth Circuit, I must "construe facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation omitted), *as revised* (Dec. 16, 2011). "To satisfy this standard, the complaint must provide more than conclusions, but it need not contain detailed factual allegations." *Id.* (quotation omitted).

### ANALYSIS

Casale asserts direct and indirect infringement claims against Topsoe. "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight*

2

*Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Thus, indirect infringement under § 271(b) requires (1) a showing of direct infringement and (2) "knowledge that the induced acts constitute patent infringement." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (quotation omitted).

Topsoe advances several arguments for why Casale's claims should be dismissed, including that: (1) the pre-certificate liability bar of 35 U.S.C. § 252 protects Topsoe's allegedly infringing conduct occurring prior to July 16, 2024; and (2) method claims can be infringed only by performing the method, not by offering to sell the method. I need not address either of these issues. Even without the pre-certificate conduct—taking  Casale's well-pleaded factual allegations as true and construing those facts in Casale's favor, as  I must—it is reasonable to infer that, after July 16, 2024, either Topsoe or one of its customers has performed every step of the '168 Patent's challenged method.

During oral argument on Topsoe's motion, Topsoe's counsel conceded that Casale has "pointed to a lot of evidence that, if performed, [Topsoe's] process would plausibly infringe the asserted patent claims." Hearing Tr. at 43:20–22. Even so, Topsoe contends that it is entitled to dismissal because Casale has not identified *who* performed all the steps or *when* they performed them. While that information would be nice to have, this is not a Rule 9(b) fraud case in which "the who, what, when, and where must be laid out *before* access to the discovery process is granted."[1] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Here, Casale need only provide "a short and plain statement of the claim showing that

---

[1] The parties undertook extensive discovery related to Casale's motion to dismiss before Casale's answers and counterclaims were filed.

3

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "It might well be that no evidence will exist as to performance of the '[168] method. But that's a matter for summary judgment. The allegations are sufficient to proceed beyond the pleadings. The motion to dismiss [should] be denied on this basis." *ConocoPhillips Co. v. In-Depth Compressive Seismic Inc.*, No. 4:20-cv-04385, 2021 WL 1854516, at *3 (S.D. Tex. May 10, 2021).

Similarly, Casale is not required to plead who, what, when, and where to satisfy its pleading obligations as to indirect infringement. "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (cleaned up). "Circumstantial evidence may suffice to prove specific intent." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 46 (Fed. Cir. 2024). Casale is "not required to identify a specific customer. Given that [Casale]'s indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, [I] cannot establish a pleading standard that requires something more." *Id.* (quotation omitted). Accordingly, Topsoe's motion to dismiss should be denied.

## CONCLUSION

For the reasons discussed above, I recommend that Topsoe's motion to dismiss (Dkt. 195) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __27th__ day of April 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

4