United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| TOPSOE, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00033 |
| | § | |
| CASALE US, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# OPINION AND ORDER

Pending before me is a motion to bifurcate and stay Defendant Casale S.A.'s patent infringement counterclaims pending *inter partes* review filed by Plaintiff Topsoe, Inc. *See* Dkt. 228. The motion is denied.

## BACKGROUND

Topsoe instituted this lawsuit on January 31, 2024, claiming that Casale's '168 Patent (U.S. Pat. No. 11,286,168) should be found unenforceable. *See* Dkt. 1. Casale initially moved to dismiss based on lack of personal jurisdiction and failure to state a claim. *See* Dkt. 38. At that time, the '168 Patent was pending re-examination at the U.S. Patent and Trademark Office ("USPTO"). The '168 Patent came out of re-examination on July 16, 2024.

On August 22, 2025, Topsoe petitioned the Patent Trial and Appeal Board ("PTAB") for *inter partes* review ("IPR").

On November 25, 2025, the court denied Casale's motion to dismiss. *See* Dkt. 168. Two weeks later, Casale answered Topsoe's then-operative complaint and asserted two infringement counterclaims. *See* Dkt. 169.

On February 10, 2026, IPR2025-01454 was instituted.

On February 13, 2026, Topsoe moved to dismiss Casale's counterclaims. *See* Dkt. 195. On May 18, 2026, the court denied Topsoe's motion to dismiss. *See* Dkt. 223.

On June 16, 2026, Topsoe filed the instant motion to bifurcate. *See* Dkt. 228. Topsoe asks that I bifurcate and stay Casale's direct and indirect infringement counterclaims pending final resolution of IPR2025-01454.

On June 17, 2026, Casale amended its answer to assert a new affirmative defense of unclean hands and three new contingent counterclaims for unfair competition and false advertising. *See* Dkt. 230.

**LEGAL STANDARD**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A motion to bifurcate "is a matter within the sole discretion of the trial court." *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992); *see also Gardco Mfg. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. As the Federal Circuit has explained:

> District courts typically analyze stays under a three-factor test: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.

*Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (quotation omitted).

"[T]here is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Unifi Sci. Batteries, LLC v. Sony Mobile Commc's AB*, No. 6:12-cv-221,

2014 WL 4494479, at *1 (E.D. Tex. Jan. 14, 2014) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). Indeed, "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts." *Unifi Sci. Batteries*, 2014 WL 4494479, at *1 (quotation omitted). With these factors in mind, I turn to the motion at hand.

**ANALYSIS**

While this is a far closer call than either side makes it out to be, I find that the prejudice to Casale weighs against a stay.

The first factor weighs heavily against a stay. Topsoe and Casale are direct competitors; Casale seeks permanent injunctive relief; and Topsoe would be able to prosecute its patent-centered inequitable-conduct, unfair-competition, and antitrust claims while Casale would not be able to prosecute its infringement claims. To grant Topsoe's motion would give Topsoe a clear tactical advantage.

The second factor weighs in favor of a stay. "[T]he PTAB's decision to institute inter partes review ordinarily means that there is a substantial likelihood of simplification of the district court litigation." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015).

The third factor—whether discovery is complete and whether a trial date has been set—is neutral. Discovery is not complete, but the parties have already undertaken substantial discovery and Casale has already filed its claim construction brief.

I see the merits of both sides' arguments, but the prejudice to Casale tips the scales. Topsoe's motion (Dkt. 228) is denied.

SIGNED this 7th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE